**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAIKO GONZALEZ ANGULO, | Case No. 2:26-cv-1249 KES SAB (HC) |
| Petitioner, | A-Number: A244641782 |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | Doc. 1 |

Petitioner Raiko Gonzalez Angulo is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The Court has previously addressed the legal issues raised by count two of the petition. *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents state: "Respondents do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do Respondents find material factual differences between this case and those identified

1

by the Court." Doc. 7 at 2. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–4.

Respondents also move to dismiss all respondents other than the Warden of California City Correctional Center, petitioner's immediate custodian, relying upon *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024). Doc. 6 at 1-2. Respondent's reliance upon *Doe* is misplaced, as the Court did not address who may be named as a respondent when the relief includes a restraint on *future* detention. That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that an official who has control over a future restraint on the petitioner's freedom is a "true custodian" and should be named as a respondent. *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973)). As respondents other than the warden would be responsible for the decision to re-detain, the motion to dismiss is DENIED.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to count two, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to release petitioner Raiko Gonzalez Angulo (A-Number: A244641782) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

///

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on count two.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to terminate the motion for a temporary restraining order (Doc. 2) as moot, close this case; and enter judgment for petitioner, and close this case. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 9, 2026

_____
UNITED STATES DISTRICT JUDGE